RECEIVED CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2009 JAN 22  A 9:34

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Simon Blye, #301539,           )   C. A. No. 2:08-3636-MBS-RSC
                               )
         Plaintiff,            )
                               )
     -versus-                  )   **REPORT AND RECOMMENDATION**
                               )
South Carolina Dept. Of Corr   )
et al.; Jon P. Ozmint,         )
Director; Ms. Hardings, IGC,   )
                               )
         Defendants.           )

This civil rights action pursuant to 42 U.S.C. § 1983[1] brought by a state prisoner proceeding *pro se* and *in forma pauperis*, is before the undersigned United States Magistrate Judge for a report and recommendation on the motion to dismiss by defendant South Carolina Department of Corrections (SCDC). 28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

The plaintiff, Simon Blye, brought this action on October 30, 2008, and named as defendants South Carolina Department of Corrections (SCDC), Jon P. Ozmint, Director, and Ms. Hardings, Inmate Grievance Counselor. Plaintiff complains that he was twice wrongly convicted of writing a threatening letter and that his subsequent grievances concerning the convictions were not properly handled. He asserts that the foregoing events violated his rights under the Constitution and he seeks damages.

On December 9, 2008, SCDC filed a motion to dismiss on immunity grounds. On December 15, 2008, the plaintiff was provided copies of the defendant's motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff opposed the motion on December 22, 2008, and again on January 5, 2009.[2] Hence, it appears consideration of the motions is appropriate.

## DISCUSSION

A review of the record and relevant case law reveals that the SCDC is immune from suit and should be dismissed on that

---

[2] Plaintiff filed a motion to amend the complaint on January 15, 2009, in which he consented to the dismissal of SCDC as a defendant. However, he did not submit a proposed amended complaint, and did not serve the defendants. That motion is insufficient for review and is denied with leave to refile a proper motion.

basis. The SCDC is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act applicable to States); Alden v. Maine, 527 U.S. 706, 4601, 119 S.Ct. 2240, 144 L.Ed.2d 636; Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Board of Corrections, 460 F.Supp. 805, 808-809 (D.S.C. 1978); and Simmons v. South Carolina State Highway Dept., 195 F.Supp. 516, 517 (E.D.S.C. 1961).

## CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that SCDC's motion to dismiss be granted and the action ended as to it.

Respectfully Submitted,

*/s/ Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January 21, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).