# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Simon Blye, #301539, | Civil Action No.:2:08-3636-MBS |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Jon P. Ozmit, Director<br>Ms. Hardings, IGC | |
| Defendants. | |

Plaintiff is an inmate in custody of the South Carolina Department of Corrections ("SCDC") who is currently housed at the Broad River Correctional Institution in Columbia, South Carolina. Plaintiff, proceeding pro se, filed a complaint on October 30, 2008, pursuant to 42 U.S.C. § 1983, asserting that he was punished twice for the same conduct following disciplinary convictions on two charges for threatening to inflict harm on an employee, that the SCDC grievance procedure is ineffective, and that his grievances were mishandled.[1] Entry 1. Defendants filed a Motion for Summary Judgment on June 2, 2009. Entry 46.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert Carr for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On July 21, 2009, the Magistrate Judge issued a

---

[1] The South Carolina Department of Corrections ("SCDC") was initially a named defendant in this action. SCDC was dismissed from this action on May 21, 2009 by this court on the basis of Eleventh Amendment immunity.

Report and Recommendation in which he recommended Defendants' Motion for Summary Judgement be granted. The Magistrate Judge first determined that Plaintiff's claim regarding his disciplinary hearing convictions is barred because Plaintiff failed to show that his disciplinary convictions were overturned, as required by Heck v. Humphrey, 512 U.S. 477 (1994). The Magistrate Judge next determined that Plaintiff's allegations that the SCDC grievance procedure is ineffective and that his grievances were mishandled are meritless because there is no inherent constitutional right to an effective prison grievance system. The Magistrate Judge also determined that Defendants are entitled to qualified immunity from suit under Harlow v. Fitzgerald, 457 U.S. 800 (1982) and its progeny because Defendants have not violated a clearly established statutory or constitutional right of the plaintiff of which a reasonable person would have known. Finally, the Magistrate Judge determined that Plaintiff's suit is frivolous and should be treated as a "strike" under the Prison Litigation and Reform Act ("PLRA") because Plaintiff's claims present meritless legal theories. Plaintiff filed an objection to the Report and Recommendation on July 24, 2009. Entry 55.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate

Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objection, Plaintiff reiterates some of the same allegations stated in his complaint. Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's report and recommendation. Nevertheless, the court has conducted a *de novo* review of the complaint and hereby adopts the Magistrate Judge's recommendations.

The Magistrate Judge correctly determined that Plaintiff's claim regarding his disciplinary hearing convictions is barred because Plaintiff failed to show that his disciplinary convictions were overturned, as required by Heck v. Humphrey, 512 U.S. 477 (1994). According to Heck, "[w]hen a prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. In his objection, Plaintiff argues he "won his case at the administrative law court" because "Judge Carolyn C. Matthews . . . found SCDC Grievance Branch guilty as charged." Entry 55, 2. To the extent that Plaintiff is arguing that his disciplinary hearing convictions were invalidated by Judge Matthews, his argument is not supported by the record.

Plaintiff submitted Step One Grievance No. BRCI-0130-08 on January 30, 2008 through the inmate grievance system at Broad River Correctional Institution ("BRCI"). See Entry 46-18. In the grievance, Plaintiff complained that he had not received a response regarding a previous grievance. On June 11, 2008, Plaintiff's Step One Grievance No. BRCI-0130-08 was denied by the SCDC. See Entry 46-19. The explanation given for the denial is as follows:

3

> Your concern has been reviewed. While processing this grievance, it was discovered that an error had been made. Your grievance, BRCI 1211-07, should have been unprocessed and forwarded to Kershaw Correctional Institution (KRCI) for numbering and processing. This was corrected on February 25, 2008 and your grievance was forwarded to KRCI. As to your disciplinary appeal, grievance KRCI-1161-07, it was completed on July 31, 2007 and you were given your appeal rights.
>
> Therefore, your grievance, due to action requested, is denied.

Id. Plaintiff appealed the SCDC's final decision on June 19, 2008. See Entry 46-20. The SCDC subsequently filed a motion requesting that Plaintiff's case be dismissed as moot. See Entry 1, Exhibit C-2. An Order of Dismissal was issued by the Administrative Law Court on August 25, 2008. See Entry 46-21. In the Order, Judge Matthews made the following findings:

> This matter is before me on the Appellant's appeal which was filed on June 20, 2008 wherein he complains that a previous grievance that he filed with the Department has not been processed or answered. This grievance was automatically forwarded to the Step Two level at the Department Headquarters. The grievance was then processed and answered. Therefore Appellant won the present grievance [BRCI-0130-08] at the Step Two level rendering this appeal moot.

Id. Judge Matthews did not find that Plaintiff's disciplinary convictions were invalid. Because Plaintiff has failed to show that his disciplinary convictions were overturned, as required by Heck, the court finds that Plaintiff's claim is barred.

The Magistrate Judge also properly determined that Plaintiff's allegations that the SCDC grievance procedure is ineffective and that his grievances were mishandled lacks merit because there is no inherent constitutional right to an effective prison grievance system. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Moreover, the Magistrate Judge properly determined that Defendants are entitled to qualified immunity from suit under Harlow v. Fitzgerald, 457 U.S. 800

(1982). In <u>Harlow</u>, the Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Id.</u> at 818. Here, Defendants have not violated a clearly established statutory or constitutional right of the plaintiff of which a reasonable person would have known; therefore, Defendants are entitled to qualified immunity.

Finally, the court adopts the Magistrate Judge's recommendation that Plaintiff's suit be treated as a "strike" under the Prison Litigation and Reform Act of 1996 ("PLRA"). Under 28 U.S.C. § 1915(e)(2), "the court shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Under 28 U.S.C. § 1915(g), "[i]n no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Here, Plaintiff's case is frivolous because it is without arguable merit. See <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (finding that a complaint if frivolous if it "lacks an arguable basis either in law or in fact"). Plaintiff's claim regarding his disciplinary convictions is baseless because Plaintiff failed to plead facts sufficient to establish that his conviction was overturned as required by <u>Heck</u>. Additionally, Plaintiff's claim that his grievances were mishandled is based on a meritless legal theory. Further, Plaintiff failed to show that Defendants violated a clearly

5

established statutory or constitutional right of Plaintiff's. Accordingly, Plaintiff's suit shall be treated as a "strike" under the PLRA. If Plaintiff obtains three "strikes," he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in a facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Defendant's motion for summary judgment (Entry 46) is hereby **GRANTED**.

**IT IS ORDERED**.

s/Margaret B. Seymour
United States District Judge

February 4, 2010
Columbia, South Carolina